IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CECILIA SCARBOROUGH THOMAS, | ) CASE NO. 12-11126 C-13G |
| | ) |
| Debtor. | ) CHAPTER 13 |
| | ) |

## RESPONSE OR OBJECTION TO
## OBJECTION TO CLAIM #3 OF MARY VUNCANNON

**MARY VUNCANNON**, a secured creditor, through counsel, would respond and object to the Objection to Claim #3 of Mary Vuncannon, and show unto and move this Court as follows:

1. Mary Vuncannon is a secured creditor in the subject bankruptcy proceeding with a secured claim in the amount of $84,056.67. Ms. Vuncannon has duly and properly filed a Proof of Claim on May 11, 2012. Ms. Vuncannon appears in the subject bankruptcy proceeding with counsel, J. Brooks Reitzel, Jr., of High Point, North Carolina.

2. On January 3, 2015, the Debtor, through counsel, Phillip E. Bolton, filed an Objection to Claim #3 of Mary Vuncannon. The alleged basis of the Debtor's Objection appears to be:

   A. The Debtor disputes that there is any debt obligation owing to the Claimant;
   B. An unsigned promissory note;
   C. The recorded deed of trust does not bear the true and actual signature of the Debtor.

3. In response, Mary Vuncannon would refer this Court to her duly and properly filed Proof of Claim and the attached Promissory Note and Deed of Trust. Ms. Vuncannon would specifically refer this Court to the following language of the said Deed of Trust:

> "WITNESSETH that whereas the Grantor is indebted to the Beneficiary in the principal sum of $50,000.00, as evidenced by a Promissory Note of even date herewith, the terms of which are incorporated herein by reference."

Thus, the Promissory Note, its terms and conditions are incorporated by reference in the North Carolina Deed of Trust which is signed by the Debtor and her husband, Leonard Thomas, before a notary public.

4.      As to the argument that the Promissory Note in question is unsigned, that Promissory Note would thus qualify as a lost note, making N.C.G.S. § 25-3-301 et seq. and § 25-3-309 applicable. Mary Vuncannon is entitled to enforce the subject Promissory Note pursuant to the terms of those North Carolina General Statutes and intends to submit to this Court at a hearing affidavits required by those Statutes.

5.      In addition, Ms. Vuncannon will ask the Court to be allowed to present oral testimony at any hearing in further support of her Response/Objection.

**WHEREFORE,** Mary Vuncannon would respectfully pray this Court for the entry of an Order denying the relief sought by the Debtor in her Objection and further determining that the secured claim of Mary Vuncannon is good and valid and entitled to enforcement as by law provided.

This the 2nd day of February, 2015.

/s/ J. Brooks Reitzel, Jr.
J. Brooks Reitzel, Jr.
North Carolina State Bar No. 3657

Attorney for Mary Vuncannon

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Response or Objection to Objection to Claim #3 of Mary Vuncannon** was served on the proper parties electronically and/or by mailing a copy of same to them at the following addresses by regular United States mail, postage prepaid, this the 2nd day of February, 2015.

William P. Miller
U.S. Bankruptcy Administrator
Post Office Box 1828
Greensboro, NC 27402

Anita Jo Kinlaw Troxler
Chapter 13 Trustee
Post Office Box 1720
Greensboro, NC 27402

Phillip E. Bolton
Bolton Law Group, PA
622-C Guilford College Road
Greensboro, NC 27409

/s/ J. Brooks Reitzel, Jr.
J. Brooks Reitzel, Jr.
Attorney for Mary Vuncannon
N.C. State Bar No. 3657
Post Office Box 5544
High Point, North Carolina 27262
(336) 885-7900